**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ANNETTE M. BIVINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-04-1715-M |
| ) | |
| VANGUARD CAR RENTAL USA INC., ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

Before the Court is defendant's Motion for Summary Judgment, filed September 1, 2005. On October 10, 2005, plaintiff filed her response. On October 24, 2005, defendant filed its reply, and on November 1, 2005, plaintiff filed her sur-reply. Based upon the parties' submissions, the Court makes its determination.

I.   Introduction

On August 27, 2003, defendant hired plaintiff as a bus driver. Plaintiff alleges that beginning around November, 2003, she was sexually harassed by Nathaniel Henderson ("Henderson"), a co-worker. Plaintiff contends that Henderson subjected her to sexual comments on a daily basis and that the comments escalated into the unwanted touching of her right breast in early January, 2004. Following this alleged unwanted touching, plaintiff reported the alleged sexual harassment to one of her supervisors.

Defendant subsequently conducted an investigation into plaintiff's complaint. At the conclusion of the investigation, Henderson received a written warning and was notified that any further violation of company policy would be grounds for immediate disciplinary action up to and

including termination.[1]  During the investigation, plaintiff states that she requested moving Henderson to a different shift so she did not have to work with him but that this request was denied. Additionally, plaintiff alleges that after Henderson returned from his suspension, he continued to harass her by making sexual gestures, such as licking his lips in a provocative manner, and by making snide smirks and laughing when he walked by her.  Plaintiff, however, never reported this alleged harassment to anyone.

Following her sexual harassment complaint, plaintiff was written up six times for work violations.[2]  On June 16, 2004, plaintiff received a written warning for violating defendant's tip solicitation policy.[3]  Plaintiff was suspended pending further investigation.  On June 17, 2004, plaintiff was terminated.

On December 17, 2004, plaintiff filed the instant action against defendant, asserting the following causes of action: (1) sexual harassment, (2) retaliation, and (3) gender discrimination. Defendant now moves for summary judgment.

II.   Summary Judgment Standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational

---

[1] In his deposition, Henderson testified that the only discipline he received was a suspension with pay during the investigation into plaintiff's complaint and that he understood the written warning to be nothing more than an acknowledgment that a complaint had been made and an investigation had been conducted.

[2] Prior to her complaint, plaintiff had been written up five times.  Plaintiff disputes the merits of these prior write-ups, as well as the write-ups subsequent to her complaint.

[3] Plaintiff denies violating the tip solicitation policy.

trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechanics v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

III.    Discussion

    A.    Sexual harassment claim

Under Title VII, an employer is negligent if it fails to remedy or prevent a hostile work environment of which management-level employees knew, or in the exercise of reasonable care should have known. *Jeffries v. State of Kan.*, 147 F.3d 1220, 1229 (10th Cir. 1998). "In order to prevail on an employer negligence claim, the plaintiff must demonstrate that, once notified of sexual harassment, the employer failed to take prompt, adequate and effective remedial action." *Id.* (internal quotations and citation omitted).

In the case at bar, defendant asserts that there is no evidence that it knew or should have known about the alleged harassment prior to January, 2004, and that after it was aware of plaintiff's

complaint, it effectively remedied the alleged harassment.[4]  Having carefully reviewed the parties' submissions, and viewing the facts and inferences in the light most favorable to plaintiff, as the Court must at the summary judgment stage, the Court finds that plaintiff has presented sufficient evidence to create a genuine issue of material fact as to whether defendant took prompt, adequate, and effective remedial action after it was aware of the alleged harassment.  Specifically, plaintiff has testified that the alleged harassment continued after defendant's investigation and alleged reprimand of Henderson.  Further, Henderson testified in his deposition that he did not consider the written warning he was given a form of discipline but considered it simply an acknowledgment that a complaint had been made and an investigation had been conducted.

Accordingly, the Court finds that summary judgment should not be granted as to plaintiff's sexual harassment claim.

B.   Retaliation claim

To establish a prima facie case of retaliation, plaintiff must show that (1) she engaged in protected opposition to discrimination; (2) she was subject to adverse employment action; and (3) a causal connection exists between the protected activity and the adverse action.  *Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1234 (10th Cir. 2000).  In its motion for summary judgment, defendant only disputes whether plaintiff can establish a causal connection between her termination and her sexual harassment complaint.  A "causal connection may be demonstrated by evidence of circumstances that justify an inference of retaliatory motive, such as protected conduct closely followed by adverse action." *Conner v. Schnuck Mkts., Inc.*, 121 F.3d 1390, 1395 (10th Cir. 1997).

---

[4]Because the Court finds there is a disputed issue of material fact as to whether defendant effectively remedied the alleged harassment, the Court declines to address the issue of defendant's knowledge of the alleged harassment prior to January, 2004.

Having carefully reviewed the parties' submissions, and viewing the evidence in the light most favorable to plaintiff, the Court finds that plaintiff has not presented sufficient evidence of a causal connection between her report of sexual harassment and her subsequent termination to survive defendant's motion for summary judgment. To show a causal connection, plaintiff relies upon the write-ups she started receiving within one month of her sexual harassment complaint and upon the terminations of Ms. Jenkins and Ms. Owens, defendant's former employees who plaintiff alleges were terminated in retaliation for reporting sexual harassment. Having carefully reviewed this evidence, the Court finds that it is not sufficient to establish the required casual connection. While plaintiff did receive six write-ups over a period of four months after making her sexual harassment complaint, the first of which occurred approximately one month after her complaint, plaintiff had received five write-ups in the three months prior to her complaint. In light of these prior write-ups, the Court finds that the write-ups plaintiff received subsequent to her sexual harassment complaint do not establish the required causal connection. Further, while plaintiff states that both Ms. Jenkins and Ms. Owens were terminated subsequent to making a sexual harassment complaint, plaintiff provides no evidentiary basis for this Court to conclude that Ms. Jenkins and Ms. Owens were similarly situated to plaintiff and/or to conclude that they were terminated in retaliation for making a sexual harassment complaint.

Accordingly, the Court finds that summary judgment should be granted as to plaintiff's retaliation claim.

### C.   Gender discrimination

To establish a prima facie case of gender discrimination, plaintiff must show that (1) she is a member of a protected class; (2) she suffered an adverse employment action; (3) her performance

was satisfactory at the time the adverse employment action was taken; and (4) similarly-situated employees, outside the protected class, were not subject to comparable adverse employment action. *Lowe v. Angelo's Italian Foods, Inc.*, 87 F.3d 1170, 1174-75 (10th Cir. 1996). In the case at bar, defendant contends that plaintiff has presented no evidence that she was treated less favorably than any other similarly-situated male employee.

Having carefully reviewed the parties' submissions, and viewing the evidence in the light most favorable to plaintiff, the Court finds that plaintiff has not presented sufficient evidence that similarly-situated male employees were not subject to comparable adverse employment action to survive defendant's motion for summary judgment. In support of her claim that similarly-situated male employees were treated more favorably than she was, plaintiff relies upon the treatment of male employees in relation to the tip solicitation policy and upon the treatment of male employees, in general, in relation to the treatment of female employees.

Specifically, plaintiff contends that while she and Ms. Jenkins were fired for allegedly violating the tip solicitation policy, Mark Lyons, a male bus driver, was only written up for violating the policy. Having reviewed the evidence submitted by the parties, the Court finds that Mr. Lyons is not similarly situated to either plaintiff or Ms. Jenkins. Both plaintiff and Ms. Jenkins had received a prior warning for allegedly violating the tip solicitation policy before they were terminated; Mr. Lyons had not received any prior warning. Further, plaintiff states that Ms. Jenkins witnessed two male employees solicit tips from customers and that these employees were not disciplined. Plaintiff, however, has presented no evidence that any supervisors were aware of this alleged conduct. Finally, plaintiff has presented no evidence that any male employees who had received a prior warning for violating the tip solicitation policy were not terminated for a second

violation of this policy.

Additionally, plaintiff states that her supervisor favored male employees in general over female employees. Specifically, plaintiff contends that her supervisor would not discipline male employees for traveling across the parking lot to pick up the luggage but would discipline female employees for this behavior. Plaintiff, however, has presented no evidence to support this contention other than the broad, conclusory statement in Ms. Jenkins' affidavit; plaintiff has presented no evidence of written warnings or other discipline any female employee received for such conduct. Plaintiff also contends that her supervisor did not discipline Henderson for smoking in the vicinity of the buses; however, plaintiff has presented no evidence that her supervisor was actually aware of this conduct.

Accordingly, the Court finds that summary judgment should be granted as to plaintiff's gender discrimination claim.

### D.  After-acquired evidence defense

Under the "after-acquired evidence" doctrine, "if an employer learns of employee wrongdoing after it has fired that employee, and it can prove that the wrongdoing was of such severity that the employee would have been terminated on those grounds alone if the employer had known of it at the time of the discharge, the employee may not obtain front pay or reinstatement and may also be denied backpay to which she would otherwise be entitled." *Medlock v. Ortho Biotech, Inc.*, 164 F.3d 545, 554 (10th Cir. 1999) (internal quotations and citation omitted).

In its motion, defendant states that it learned during discovery that plaintiff lied on her application for employment. Defendant asserts that plaintiff would have been fired if it had discovered plaintiff's alleged application fraud during her employment. Defendant, consequently,

asserts that it is entitled to a ruling that neither reinstatement nor front pay is recoverable and that back pay is cut off as of the date it learned of plaintiff's alleged misrepresentations in her application.

Having carefully reviewed the parties' submissions, and viewing the evidence in the light most favorable to plaintiff, the Court finds that there is a genuine issue of material fact as to whether plaintiff lied on her employment application. Specifically, the Court finds that plaintiff has presented evidence that the reasons she listed in her employment application for leaving her prior employment were true. Accordingly, the Court finds that defendant is not entitled to summary judgment on its after-acquired evidence defense.[5]

IV.   Conclusion

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART defendant's Motion for Summary Judgment [docket no. 27] as follows:

- A.   The Court GRANTS defendant's Motion for Summary Judgment as to plaintiff's retaliation claim and gender discrimination claim, and
- B.   The Court DENIES defendant's Motion for Summary Judgment as to plaintiff's sexual harassment claim and defendant's after-acquired evidence defense.

**IT IS SO ORDERED this 14th day of November, 2005.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

---

[5]Because the Court finds there is a genuine issue of material fact, the Court declines to address whether defendant may assert this defense without having raised it in defendant's Answer or Amended Answer. The Court will address this issue in relation to the motions in limine which have been filed regarding the after-acquired evidence defense.